UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

DARREN L. VOORHIS,

        Plaintiff,

v.          Case No. 1:09-cv-01089

DONALD GAETZ, EDWARD JONES, LT.
EVANS, WEXFORD HEALTH SOURCES,
INC., a Florida Corporation, SYLVIA
MAHONE, M.D., and John Does No. 1-10

        Defendants.

MEMORANDUM OPINION AND ORDER

INTRODUCTION

    Before the court are the defendants' Gaetz, Jones and Evans motion to dismiss [19] and the plaintiff's response [21]. Donald Gaetz is the warden of the Menard Correctional Center. Edward Jones is the warden of the Pontiac Correctional Center. Lt. Lance Evans is employed at Pontiac Correctional Center. There is no motion to dismiss with respect to defendants Wexford Health Sources and Sylvia Mahone, MD. The plaintiff, Darren L. Voorhis, by his attorneys, has submitted a complaint under 42 U.S.C. § 1983 against defendants, Donald Gaetz, Edward Jones, Lt. Evans, Wexford Health Sources, Inc., Sylvia Mahone, M.D., and John Does No. 1-10  Plaintiff alleges defendants violated his rights under the Eighth and the Fourteenth Amendments to the United States Constitution by being deliberately indifferent to his serious medical needs. The defendants, Gaetz, Jones and Evans, by their attorney Lisa Madigan, have moved the court for an order dismissing the plaintiff's claim with prejudice for the following reasons: (1) plaintiff failed to exhaust the administrative remedies available to him before filing this lawsuit; (2) damages in this case are barred by the Eleventh Amendment because defendants Gaetz, Jones, and Evans are being sued in their official capacities; (3) plaintiff is not entitled to injunctive relief against defendants Jones and Evans because there is not an on-going violation of federal law and; (4) plaintiff has not raised any state law claims therefore this court does not have supplemental jurisdiction.

## MOTION TO DISMISS STANDARD

A claim can be dismissed for failure to state a claim only if it appears "beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Haines, 404 U.S. at 521; *Gregory v. Nunn*, 895 F.2d 413, 414 (7th Cir. 1990). When considering whether to dismiss a complaint for failure to state a claim upon which relief can be granted, the court takes the allegations in the complaint as true, viewing all facts--as well as any inferences reasonably drawn therefrom--in the light most favorable to the plaintiff. *Bethlehem Steel Corp. v. Bush*, 918 F.2d 1323, 1326 (7th Cir. 1990). Dismissal should be denied whenever it appears that a basis for federal jurisdiction in fact exists or may exist and can be stated by the plaintiff. *Tarkowski v. Robert Bartlett Realty Co.*, 644 F.2d 1204 at 1207 quoting *Littleton v. Berbling*, 468 F.2d 389 (7th Cir. 1972).

## ALLEGATIONS

Plantiff Darren L. Voorhis has hypoglycemia and alleges defendants violated his rights under the Eighth and Fourteenth Amendments to the United States Constitution by the deliberate indifference to his serious medical needs. Plaintiff alleges defendants did not diagnose or provide adequate treatment for his medical condition. Plaintiff further alleges the withholding of effective medical treatment for his hypoglycemia.

## DISCUSSION AND CONCLUSION

### I. Plaintiff Exhausted Available Administrative Remedies

The defendants' Jones and Gaetz argue that the plaintiff's complaint should be dismissed with prejudice because he failed to exhaust the administrative remedies available to him as required by the Prison Litigation Reform Act ("PLRA"), The PLRA states that "no action shall be brought with respect to prison conditions under Section 1983 . . . by a prisoner confined in any jail, prison or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a) (West 2002).

Prisoner exhaustion of administrative remedies is a mandatory precondition to a prisoner filing a lawsuit under 42 U.S.C. § 1983 in regards to prisoner conditions (42

U.S.C. § 1997 e(a)). *Porter v. Nussle*, 534 U.S. 516.  However, it is clear that failure to exhaust administrative remedies "is an affirmative defense that the defendants have the burden of pleading and proving". *Dale v. Lippin*, 376 F.3d 652, 655 (7th Cir. 2004).

The plaintiff gave sufficient notice of the problem in his grievance–he needed medical treatment for hypoglycemia and was not getting it.  All the defendants are being sued for the deliberate indifference of employees or agents of the Illinois Department of Corrections to plaintiff Voorhis' serious medical needs– that is the claim and it was sufficiently exhausted.  The defendants, Gaetz, Jones and Evans assert that because Voorhis did not explicitly name both Gaetz and Jones in his grievance, the grievance is thus deficient.   The court disagrees.  If naming every defendant was required to exhaust in this situation, then the claim would be exhausted to some, but not all of the defendants.  What then?  Proceed in piecemeal fashion with separate cases as the plaintiff files more grievances naming more people to the same claim?  What if discovery reveals that others were involved?  Would the plaintiff have to file another grievance against the newly discovered defendants, along with a new case?  Or would the case be stayed while the plaintiff filed grievances against the newly discovered defendants?  The court notes that the plaintiff filed a grievance on April 8, 2008 and defendant, Jones is the Chief Administrative Officer who signed the plaintiff's grievance as a part of the Emergency Review process on April 15, 2008.  Should the plaintiff go back and file a grievance against Jones?  The plaintiff does not need to file a grievance against the person that denied his grievance.  Therefore the court finds that administrative remedies have been exhausted as to defendant Jones.

The plaintiff exhausted his remedies all the way to the Director of the Illinois Department of Correction.  By doing so, the court finds that the plaintiff's April 8, 2008 grievance put the Illinois Department of Corrections, if not precisely the warden at the Menard Correctional Center on notice of the plaintiff's medical needs.  The court will not find that the transferring of plaintiff from the Pontiac Correctional Center to the Menard Correctional Center while the plaintiff was in the grievance appeal process requires the plaintiff to resubmit a grievance for the same issue in order to get injunctive relief against the new warden.  If that were the case, the Illinois Department of Corrections could always frustrate an inmate's attempt to satisfy the grievance process by transferring the inmate from one facility to another.  In the case at bar, the plaintiff's grievance "served its function of alerting the state and inviting corrective action," see *Riccardo v. Rausch*, 359 F.3d at 524 (7th Cir. 2004); therefore the plaintiff is entitled to a decision on the merits of his constitutional claim. *Id.*  Furthermore, the court favors a ruling on the merits of a case rather than prolonging the process through dismissing with leave to re-file after filing yet another grievance at the Menard Correctional Center.  Thus, the court finds that exhaustion of administrative remedies in this particular instance did not require the plaintiff to list the names of Gaetz and Jones in the grievance, The defendants' motion to

dismiss on grounds of failure to exhaust is denied.

## II. Plaintiff Has Standing for Official Capacity Claim

The defendants argue that the plaintiff's claims against the defendants in their official capacity are barred by the Eleventh Amendment and should be dismissed. As an initial matter, the Eleventh Amendment bars the plaintiff from recovering money damages against the defendant in their official capacity. *Wynn v. Southward*, 251 F.3d 588, 591 (7th Cir. 2001); *Kentucky v. Graham,* 473 U.S. 159 (1985). An action against a defendant in his or her official capacity is an action against the government entity, in this case the State of Illinois. *See Sanville v. McCaughtry*, 266 F.3d 724, 732 (7th Cir. 2001); *Hadi v. Horn*, 830 F.2d 779, 782 (7th Cir. 1987). The Eleventh Amendment bars damage awards against states, but not awards of injunctive or declaratory relief "requiring a state official to conform his or her behavior to the requirements of federal law in the future." *Hadi v. Horn*, 830 F.2d 779 at 783 (7th Cir. 1987) *(quoting Ex parte Young*, 209 U.S. 123 (1908)). The plaintiff seeks injunctive relief and that is only provided through official capacity. Therefore, the defendants' motion to dismiss the plaintiff's official capacity claim is denied.

## III. Plaintiff's Entitlement to Injunctive Relief

Defendants Gaetz, Jones, and Evans argue plaintiff's request for injunctive relief is improper because plaintiff is no longer incarcerated at Pontiac and there is not an ongoing violation of Federal law that entitles plaintiff to said relief. A plaintiff bringing a law suit under § 1983 "is entitled to injunctive and declaratory relief only if he has a personal stake in the outcome of the litigation". *Stewart v. McGinnis,* 5 F.3d 1031, 1037 (7th Cir. 1993) *(quoting City of Los Angeles v. Lyons,* 461 U.S. 95 (1983)). In order to establish a personal stake, the plaintiff must demonstrate that "he 'has sustained or is immediately in danger of sustaining some direct injury' as a result of the challenged official conduct and the injury or threat of injury must be both 'real and immediate,' not 'conjectural' or 'hypothetical.'" *Id.* The court takes the allegations presented by the plaintiff as true, viewing all facts– as well as any inferences reasonably drawn therefrom– in the light most favorable to the plaintiff. *Bethlehem* at 1326. Plaintiff's complaint indicates that he has a serious medical condition requiring treatment (Compl. ¶ 12). Plaintiff has further indicated that he has sustained medical injury as a result of defendants' actions (Compl. ¶ 25- 28).

Defendants' motion to dismiss notes that plaintiff Voorhis is no longer incarcerated at the Pontiac Correctional Center and that there is no indication that plaintiff will be transferred back to Pontiac therefore plaintiff is not entitled to injunctive relief. Nevertheless, defendants' assertion implies that there is a chance that the plaintiff could be transferred back to Pontiac from Menard. Moreover, the plaintiff's complaint alleges ongoing policies and practices by the defendants that may constitute violations of § 1983. As already stated, the plaintiff exhausted his remedies all the way to the Director of the Illinois Department of Correction. By doing so, the court finds that the plaintiff's April 8, 2008 grievance put the Illinois Department of Corrections, if not precisely the warden at the Menard Correctional Center, on notice of plaintiff's medical needs. If the plaintiff proves liability, he might also be entitled to injunctive relief while incarcerated by the Illinois Department of Corrections. In this situation, the court cannot find any good reason why the Illinois Department of Corrections' transferring of plaintiff from the Pontiac Correctional Center to the Menard Correctional Center should frustrate his attempt to get injunctive relief from the new warden for a concern that has already been considered by the new warden's superior, the Director of the Illinois Department of Corrections. Nevertheless to simplify and to preserve the question of equitable relief, pursuant to Fed. R. Civ. P. Rules 1, 21 and 25(d), the court construes the plaintiff's official capacity claim against Edwards Jones, the warden of Pontiac Correctional Center and Donald Gaetz, the warden of Menard Correctional Center, and Lt. Evans, an employee at Pontiac Correctional Center, as a claim against the Director of the Illinois Department of Corrections. The plaintiff will proceed on his official capacity claim against Randle, the Director of the Illinois Department of Corrections, in his official capacity and against whom equitable relief is sought. As the plaintiff's only claim raised against Gaetz, Jones and Evans was in their official capacity for injunctive relief, these defendants are terminated.

**IV. Failure to Raise State Claims to Establish Supplemental Jurisdiction**

Pursuant to 28 U.S.C. § 1367 this court may have supplemental jurisdiction as to related state law claims in the lawsuit. Plaintiff has not raised any specific state law claims that have resulted from the defendants' actions in his complaint. The defendants are correct in stating that court does not have supplemental jurisdiction over any non-specified state claims in this lawsuit; however the court maintains jurisdiction over this case pursuant to 28 U.S.C. § 1331 as a matter arising under 42 U.S.C. § 1983 and the Eighth and Fourteenth Amendments to the United States Constitution. As the plaintiff has not disputed the defendants' assertion that the plaintiff has not raised any specific state law claims, the court finds there are no state law claims in the plaintiff's complaint at present. What may develop in discovery, remains to be seen.

**It is therefore ordered:**

1. **Based on the foregoing, the defendants' motion to dismiss [19] is granted as to defendant Gaetz, Jones and Evans. The court dismisses the official capacity claim against Jones, Evans and Gaetz. The clerk of the court is directed to terminate Donald Gaetz, Edwards Jones and Lt. Lance as defendants in this lawsuit, forthwith.**
2. **Pursuant to Fed. R. Civ. P. Rules 1, 21 and 25(d), the court construes the plaintiff's official capacity claim for injunctive relief as a claim against the Director of the Illinois Department of Corrections. The clerk of the court is directed to add Michael Randle as a defendant. The plaintiff will proceed on his official capacity claim against Michael Randle, the Director of the Illinois Department of Corrections, in his official capacity and against whom equitable relief is sought. The clerk of the court is directed to send a Notice of the Lawsuit, Waiver, Complaint, etc., to the defendant Michael Randle, forthwith.**
3. **Any meritorious objections to the termination of the official capacity claim against Gaetz, Jones and Evans must be filed within fourteen days of this order.**
4. **The court finds there are no state law claims in the plaintiff's complaint at present.**

**Enter this 22nd day of July 2009.**

<u>S/Harold A. Baker</u>

Harold A. Baker

United States District Judge